# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2021

Lyle W. Cayce
Clerk

No. 19-10729

---

Frank D. McCollum, III,

*Plaintiff—Appellant*,

*versus*

Lupe Valdez, *Sheriff-Dallas County, Texas*,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1778

---

Before Willett, Ho, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Frank D. McCollum, III, Texas prisoner # 2021347, moves for leave to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his 42 U.S.C. § 1983 civil rights action as barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and as frivolous. By moving to proceed IFP in this court, McCollum challenges the district court's

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Although McCollum first argues that a brief discussing his claims is already before this court in another appeal, he may not incorporate such arguments by reference. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Next, McCollum argues that *Heck* does not apply to his case because a favorable ruling would not affect the fact or duration of his confinement. He contends that the Fifth Circuit has provided relief for a "conditions of confinement" claim under *Shepherd v. Dallas County*, 591 F.3d 445 (5th Cir. 2009), which he contends involves circumstances that are identical to his own mistreatment and punishment in pretrial detention. However, he fails to demonstrate any error in the district court's application of *Heck*, and his conclusory argument based on the inapposite decision in *Shepherd* fails to demonstrate that he stated a nonfrivolous conditions of confinement claim. Finally, McCollum does not reassert any of the remaining claims that he raised in the district court, nor does he otherwise challenge the district court's decision. *See Yohey*, 985 F.2d at 224-25.

Because McCollum fails to identify any nonfrivolous issues for appeal, his IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. This dismissal and the dismissal of McCollum's case in the district court each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). McCollum is WARNED that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or

No. 19-10729

appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).